Liquefied Petroleum Gas — Consignee — Registration A "consignee or bulk plant agent" who does not come within one of the express exclusions from registration requirements must apply for and obtain a registration permit as a prerequisite to engaging in the liquefied petroleum gas business under 52 O.S. 420.4 [52-420.4](a) (1968). The Attorney General has had under consideration your letter dated September 9, 1968, wherein you state that certain individuals are seeking to become "consignees or bulk plant agents" in the liquefied petroleum gas business without first obtaining a Class One Dealer's Permit. You then, by inference, ask if this type of operation is precluded by applicable provisions of the Liquefied Petroleum Gas Act. Title 52 O.S. 420.4 [52-420.4](a) (1967) provides in relevant part: "No person, firm or corporation shall manufacture, fabricate, assemble, or install in this State any systems, containers, apparatus, or appliances used or to be used in this State in or for the transportation, storage, dispensing, or utilization of LPG, nor shall any transporter, distributor, or retailer or LPG store, dispense and/or transport over the highways of this State any LPG intended for use in this State in any such system, container, apparatus or appliance, without having first applied for and obtained a registration permit to do so; provided, no such permit shall be required by an individual engaged in any of said activities solely as an employee of a duly qualified registrant, or by any person, firm or corporation engaged in the production or manufacture of LPG, and/or selling or reselling LPG to transporters, industrial consumers, processors, distributors and/or retailers . . . ." The statutory exclusions from registration requirements are clearly prescribed in Section 420.4a, supra. Similarly, those who must obtain registration permits are prescribed in equally clear terms. Hence there is no reason to construe or interpret the meaning thereof. We cannot ascertain from the facts herein presented whether a "consignee or bulk plant agent" would be an "employee" or a person selling or reselling LPG to transporters, industrial consumers, etc., as contemplated by the aforementioned statutory language. It is evident that a factual determination must be made in each instance before your question can be answered. The following definitions of the term "employee" are included for your use and assistance in arriving at the factual determination hereinabove mentioned. 30 CJ.S. Employees, page 673: "While the word `employee' is generally defined as meaning one who performs services for another for hire, salary, or wages, the word does not necessarily connote the payment of compensation, although it may generally denote regular employment as distinguished from casual, incidental, or occasional employment, and usually a contract of service, express or implied, is required before one can be considered an employee of another; but it has been said that the test to determine whether one person is another's employee is whether or not he is subject to the control of such other person." Black's Law Dictionary, 4th Edition, page 617: "EMPLOY. To engage in one's service; to use as an agent or substitute in transacting business; to commission and intrust with the management of one's affairs. . . . "EMPLOYEE. Generally, when person for whom services are performed has right to control and direct individual who performs services not only as to result to be accomplished by work but also as to details and means by which result is accomplished, individual subject to direction is an `employee.'" See also Missouri, K.T. Ry. Co. v. West, 38 Okl. 581,134 P. 655, where in this language appears: ". . . To be employed by one is to be engaged in his service, to be used as an agent or substitute in transacting his business, to be commissioned and intrusted with the management of his affairs. . . ." Therefore, it is the opinion of the Attorney General that the answer to your question is contingent upon a factual determination in each instance; that is, the provisions of Section 420.4a are clear and unambiguous and can readily be applied once it is ascertained if the "consignee or bulk plant agent" is engaged in LP Gas activities solely as an employee of a duly qualified registrant or selling or reselling LPG to transporters, industrial consumers, processors, distributors, and/or retailers. It necessarily follows that a "consignee or bulk plant agent" who does not come within one of the express exclusions from registration requirements must apply for and obtain a registration permit as a prerequisite to engaging in the Liquefied Petroleum Gas business. (Don Timberlake)